IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VALTON VANOY BILLINGSLEY § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-05-CV-1972-P |
| DOUGLAS DRETKE, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Valton Vanoy Billingsley, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

On July 2, 2001, petitioner was released to parole after serving part of a 30-year sentence for burglary of a building and credit card abuse. While on parole, petitioner was charged with theft and two counts of insurance fraud. A pre-revocation warrant was issued on November 6, 2003. On January 29, 2004, petitioner pled guilty to the new charges and was sentenced to probation in each case. Petitioner remained incarcerated until his revocation hearing on February 25, 2004, at which time his parole was revoked and he was returned to TDCJ-ID custody.

Petitioner challenged his parole revocation in an application for state post-conviction relief. The application was denied without written order. *Ex parte Billingsley*, No. 26,548-02 (Tex. Crim. App. Jun. 29, 2005). Petitioner then filed this action in federal court.

II.

In two grounds for relief, petitioner contends that: (1) he was denied a preliminary hearing and timely written notice of the charges against him; and (2) he was not interviewed for early release in retaliation for challenging his parole revocation in state court.

A.

A parole revocation proceeding must satisfy the minimum requirements of due process. *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S.Ct. 2593, 2601, 33 L.Ed.2d 484 (1972). This includes "some minimal inquiry . . . at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available." *Id.*, 92 S.Ct. at 2602. An inordinate delay in this process may result in a waiver of jurisdiction over the parolee. *See Shields v. Beto*, 370 F.2d 1003, 1006 (5th Cir. 1967). However, this draconian sanction is not justified unless the conduct of state officials is "so affirmatively wrong or its inaction so grossly negligent that it would be unequivocally inconsistent with 'fundamental principles of liberty and justice' to require a legal sentence to be served in the aftermath of such action or inaction." *Piper v. Estelle*, 485 F.2d 245, 246 (5th Cir. 1973). *Compare Clifton v. Beto*, 298 F.Supp. 1384, 1388 (S.D. Tex. 1968), *aff'd*, 411 F.2d 1226 (5th Cir. 1969) (10-year delay between date of arrest and parole revocation hearing not inordinate), *with Shields*, 370 F.2d at 1006 (28-year delay resulted in waiver of jurisdiction over parolee). In addition, the parolee must demonstrate "actual prejudice" caused by the unreasonable delay. *See Villarreal v. United States Parole Comm'n*, 985 F.2d 835, 837 (5th Cir. 1993).

Petitioner complains that he was denied his right to a preliminary hearing and remained in custody without bond from November 6, 2003 to February 25, 2004, a period of 111 days, before

a revocation hearing was held. Although petitioner couches his argument in due process terms, he cites to Tex. Gov't Code Ann. § 508.2811. This statute provides:

> A parole panel or a designee of the board shall provide within a reasonable time to an inmate or [releasee] a preliminary hearing to determine whether probable cause or reasonable grounds exist to believe that the inmate or person has committed an act that would constitute a violation of a condition of release, unless the inmate or person:
>
> (1) waives the preliminary hearing; or
>
> (2) after release:
>
>    (A) has been charged only with an administrative violation of a condition of release; or
>
>    (B) has been adjudicated guilty of or has pleaded guilty or nolo contendere to an offense committed after release, other than an offense punishable by fine only involving the operation of a motor vehicle, regardless of whether the court has deferred disposition of the case, imposed a sentence in the case, or placed the inmate or person on community supervision.

TEX. GOV'T CODE ANN. § 508.2811 (Vernon Supp. 2002); *see also* 37 TEX. ADMIN. CODE § 146.7(f). Here, petitioner pled guilty to three new offenses committed while he was on release. However, this did not occur until January 29, 2004--more than three months after a pre-revocation warrant was issued. Petitioner claims that this delay violated section 508.2811 and his right to due process under *Morrissey*.

To the extent petitioner seeks relief based on a violation of state law, his claim is not cognizable under 28 U.S.C. § 2254. *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986), *quoting Nelson v. Estelle*, 642 F.2d 903, 905-06 (5th Cir. 1981) ("habeas corpus is available only for the vindication of rights existing under federal law; not rights existing solely under the rules of state procedure"). With respect to petitioner's due process argument, the 111-day delay between the time of his arrest and his revocation hearing was not *per se* unreasonable. *See, e.g. Morrissey*, 92

S.Ct. at 2604 (two-month delay "would not appear to be unreasonable"); *George v. Cockrell*, No. 3-02-CV-1642-G, 2003 WL 102620 at *2 (N.D. Tex. Jan. 8, 2003) (113-day delay between date of arrest and initial contact by parole officer did not violate due process); *Bartley v. Johnson*, No. 3-97-CV-2154-T, op. at 5 (N.D. Tex. Aug. 28, 2000), *rec. adopted*, (N.D. Tex. Sept. 25, 2000), *COA denied*, No. 00-11195 (5th Cir. Feb. 13, 2001) (120-day delay in holding a parole revocation hearing did not violate due process). Nor has petitioner demonstrated "actual prejudice." Although petitioner claims that he lost his job, his truck, and his home as a result of not receiving a preliminary hearing, there is no reason to believe that petitioner would have been released on bond had such a hearing been held. *See George*, 2003 WL 102620 at *2 (petitioner's speculative assertion that he might have been eligible for bond following preliminary hearing was insufficient to establish "actual prejudice"). Finally, petitioner was provided with written notice of the charges against him when he met with his parole officer on February 13, 2004--12 days before his revocation hearing. (*See* Resp. Ans., Exh. A at 9). Under these circumstances, there is no due process violation.

B.

Petitioner also complains that he was not interviewed for early release in retaliation for challenging his parole revocation in a state writ of habeas corpus.[1] However, a state prisoner does not have a federal constitutional right to early release on parole. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996). While petitioner may be eligible for parole, the failure of parole officials to interview him for early

---

[1] The court *sua sponte* notes that petitioner did not raise this claim on collateral review in state court. However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

release does not merit federal habeas relief.  *Orellana*, 65 F.3d at 31-32; *see also Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir.), *cert. denied*, 102 S.Ct. 299 (1981).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  March 6, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE